**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| ROBERT SCHUMANN, individually and on behalf of other similarly situated, </br></br> *Plaintiff*, </br></br> vs. </br></br> AMERICAN EXPRESS COMPANY; and AMERICAN EXPRESS NATIONAL BANK, Successor by merger to American Express bank FSB, </br></br> *Defendants*. | **CASE NO. 1:25-cv-9731** </br></br> Removed From: The Circuit Court of Cook County, Illinois </br> Cause No. 2025CH06932 |

## NOTICE OF REMOVAL

COMES NOW Defendants American Express National Bank and American Express Company ("Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby files this Notice of Removal of this action from the Circuit Court of Cook County in Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Defendants state as follows:

### I. PROCEDURAL HISTORY

1. On July 1, 2025, Plaintiff Robert Schumann ("Plaintiff") commenced this action in the Circuit Court of Cook County in Cook County, Illinois, Case No. 2025CH06932, by filing his Complaint (the "Complaint"). True and correct copies of the complete pleadings and orders filed in state court are attached hereto as **Exhibit 1**.

2. On July 15, 2025, Defendants received service of a copy of the Summons and Complaint, attached hereto as **Exhibit 2**.

## II. DIVERSITY JURISDICTION

### A. Removal Under the Class Action Fairness Act.

3. The case is removable under CAFA. Generally, as set forth in 28 U.S.C. § 1332(d)(2), CAFA confers original federal jurisdiction over any class action "if the proposed class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Sudholt v. Country Mut. Ins. Co.*, 83 F.4th 621, 625 (7th Cir. 2023), *cert. denied*, 144 S. Ct. 2525, 219 L. Ed. 2d 1202 (2024). These elements are met here.

4. First, the case is explicitly brought as a class action. (*See* Ex. 2 ¶ 65.) The putative class would clearly have more than 100 members because—while Plaintiff merely states that "there are more than 40 members of the class"—Plaintiffs are purporting to represent a class of similarly situated all American Express National Bank customers since 2020 who allege to have been "improperly overcharged and pursued for charges that had been previously been charged off or otherwise forgiven based on allegations of fraud or mistake by the original vendor." (*Id.* ¶¶ 66, 68.) The putative class is alleged to be "so numerous that joinder of all members . . . is impracticable." (*Id.*) The Complaint does not purport to limit the class in any way beyond those that are "similarly situated" to Plaintiffs—that is, all American Express customers who allege they were overcharged and pursued for charges since 2020. Accordingly, a putative class of this breadth is likely to have at least 100 members. The allegations on this point are at least "plausible," which is all that is required in a Notice of Removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

5.  Second, for similar reasons, the amount in controversy is alleged to be at least $5 million. Plaintiff does not specify the damages sought, but claims to have suffered economic damages and emotional damages. (*See* Ex. 2 ¶¶ 47, 52) Plaintiff also seeks an unspecified amount of punitive damages, which may also be considered in determining whether CAFA's jurisdictional amount requirement is met. *See Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (considering the possibility of the class to receive punitive damages in order to determine whether the CAFA amount requirement was met). While Defendants deny all liability, it is quite evident—and certainly "plausible," *Dart*, 574 U.S. at 89—that the amount at issue exceeds $5 million.

6.  Third, the minimal diversity requirement is met. Plaintiff alleges he is an Illinois resident. (Ex. B ¶ 6.) For purposes of analyzing diversity jurisdiction, "[a]ll national banking associations [are] deemed citizens of the States in which they are respectively located." *See* 28 U.S.C. § 1348. American Express National Bank is a national bank with its main office in the State of Utah and thus is a citizen solely of Utah. Additionally, American Express Company is a corporation incorporated under the laws of New York with its principal place of business in New York and thus is a citizen solely of New York. *See* 28 U.S.C. § 1332(c)(1).

### III.   TIMELINESS

7.  This Notice of Removal is timely filed because it is filed within thirty days of service. *See* 28 U.S.C. § 1446(b). The Complaint was filed on July 1, 2025, and American Express was served on July 15, 2025. Thus, removal is timely.

8.  Additionally, this case is being removed well within one year of the commencement of this action, as required by 28 U.S.C. § 1446(c)(1).

## IV.    OTHER PROCEDURAL REQUIREMENTS

9. This Court is the proper district court for removal because the Circuit Court of Cook County in Cook County, Illinois, is located within the United States District Court for the Northern District of Illinois, Eastern Division. *See* 28 U.S.C. § 1441(a).

10. As required by 28 U.S.C. § 1446(a) Defendants file this "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant."

11. As required by 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is being served upon Plaintiff and is being filed with the Clerk of the Circuit Court of Cook County in Cook County, Illinois, on this date.

## V.    RESERVATION OF DEFENSES

12. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## VI.    CONCLUSION

13. For the foregoing reasons, Defendant requests that this Court proceed with the handling of this case as if it had been originally filed here and that further proceedings in the Circuit Court of Cook County, in Cook County, Illinois, be terminated.

Dated: August 14, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　*/s/ Stephen J. Newman*

　　　　　　　　　　　　　　　　　　　Stephen J. Newman
　　　　　　　　　　　　　　　　　　　Steptoe LLP
　　　　　　　　　　　　　　　　　　　2029 Century Park East, Suite 980
　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90067
　　　　　　　　　　　　　　　　　　　213-439-9411
　　　　　　　　　　　　　　　　　　　snewman@steptoe.com

　　　　　　　　　　　　　　　　　　　Michael A. O'Rourke
　　　　　　　　　　　　　　　　　　　Steptoe LLP
　　　　　　　　　　　　　　　　　　　227 West Monroe Street, Suite 4700
　　　　　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　　　　　312-577-1239
　　　　　　　　　　　　　　　　　　　morourke@steptoe.com

　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　*American Express National Bank and American*
　　　　　　　　　　　　　　　　　　　*Express Company*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on the 14th day of August, 2025, a copy of the foregoing was filed with the Court's electronic filing system and served via email on the following:

Damon Ritenhouse
EV Has, LLC
11757 SW Highway
Palos Heights, IL
dritenhouse@evlawgroup.com

                                                */s/ Stephen Newman*
                                                Stephen Newman